UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04   11,808 NMG

KENNETH BOWMAN, )
)
Plaintiff, )
)
v. )          Civil Action No. _____
)                          3.8785
)          RECEIPT # _____
LIFE INSURANCE COMPANY )          AMOUNT $ 150
OF NORTH AMERICA, MAGISTRATE JUDGE )  SUMMONS ISSUED N/A
)          LOCAL RULE 4.1 _____
Defendant. )          WAIVER FORM _____
)          MCF ISSUED _____
BY DPTY. CLK. _____
**NOTICE OF REMOVAL** DATE _____

To:   The Judges of the United States District Court for the District of Massachusetts

Life Insurance Company of North America ("LINA" or "Defendant"), by counsel,

pursuant to 28 U.S.C. §§ 1441, et seq., requests removal of a civil action commenced in

the Essex Superior Court, styled Kenneth Bowman v. Life Insurance Company of North

America, Docket No. 2004-1419-D. In support of removal, Defendant respectfully

states:

1.   Plaintiff commenced this action by filing a Complaint and Amended

Complaint in the Essex Superior Court of Massachusetts.[1] Plaintiff alleges claims for

failure to pay benefits pursuant to a group long-term disability insurance policy issued by

LINA to Plaintiff's employer. Copies of all process, pleadings, and other orders received

by Defendant are attached hereto as Exhibit A.

---

[1]   The original Complaint incorrectly named CIGNA Group Insurance as the Defendant. Plaintiff
filed an Amended Complaint eliminating CIGNA Group Insurance as a party and instead naming Life
Insurance Company of North America as the sole Defendant.

{W0265965.2]

2.    Defendant received a copy of the Complaint and summons informally no sooner than August 9, 2004; Defendant received and accepted service of the Amended Complaint no sooner than August 18, 2004.

3.    This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a).

4.    The policy provided by LINA pursuant to which Plaintiff claims benefits is a group disability insurance policy established by Plaintiff's employer for the benefit of its employees. As such, it is part of an "employee welfare benefit plan" for purposes of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. ERISA preempts all state laws relating to the plan or its components. *See* 29 U.S.C. § 1144. A proper action to recover benefits due under the policy or plan can be brought only pursuant to 29 U.S.C. § 1132(a)(1)(B).

5.    Defendant desires to remove this action to this Court.

6.    Pursuant to 28 U.S.C. § 1446(b), removal is timely if filed within thirty days after service upon Defendant of the initial pleading setting forth the claims for relief. *See Murphy Bros., Inc. v. Michetti Pipe Stringing*, 526 U.S. 344, 348, 354 (1999).

7.    Pursuant to 28 U.S.C. § 1446(d), the Defendant will shortly be filing a copy of the Notice of Removal with the Essex Superior Court, and sending copies of the Notice to Plaintiff's counsel.

8.    Pursuant to the United States District Court for the District of Massachusetts Local Rule 81.1(a), Defendant will file certified or attested copies of all records and

proceedings in the state court and a certified or attested copy of all docket entries in the state court.

WHEREFORE, Defendant respectfully requests that the above-captioned action be removed from the Essex Superior Court to this Court.

DATED: 8/18/04

John J. Aromando
Bar Reg. No. 945648

Pierce Atwood
One Monument Square
Portland, ME 04101
(207) 791-1100

*Attorneys for Defendant*

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

SUPERIOR COURT DEPARTMENT

ESSEX DIVISION
DOCKET NO. 2004-1419-D

KENNETH BOWMAN,      )
    PLAINTIFF         )
                     )
                     )
    V.               )
                     )
LIFE INSURANCE COMPANY )
OF NORTH AMERICA,     )
    DEFENDANT         )

## AMENDED COMPLAINT

1. Plaintiff Kenneth Bowman is 44 years old, an individual residing in Lynn, Massachusetts, and is seeking long term disability benefits under a group insurance policy administered by the defendant.

2. Defendant, Life Insurance Company of North America ("LINA") is a corporation located in Philadelphia, Pennsylvania and is the administrator of the long term disability policy under which the plaintiff is claiming benefits.

3. From 1997 until April, 2001 the Plaintiff was employed by Cardinal Health, Inc. in Peabody, Massachusetts. At the time he became disabled, plaintiff was employed as a warehouse worker.

4. As an employee of Cardinal Health, Inc., Plaintiff became eligible for employee insurance benefits under Group Policy No. FLK-030030 (the "Policy").

5. The Policy is administered by, and benefit determinations made by, LINA, through it agents and/or representatives, including CIGNA Group Insurance.

1

6.    Under the terms of the Policy the defendant is contractually liable to the plaintiff for those benefits for which plaintiff is eligible under the Policy.

7.    On or about June 27, 2001 plaintiff applied for long term disability benefits under the Plan. The defendant approved benefits under the Policy for the period of July 15, 2001 through August 14, 2001.

8.    On October 15, 2001 plaintiff attempted to return to work but was only able to work 1 ½ hours before becoming disabled as a result of back pain.

9.    Plaintiff has remained disabled and unable to work subsequent to his attempt to return to work on October 15, 2001.

10.    On October 22, 2001 and April 2, 2002 Cigna reevaluated plaintiff's disability claim and found him to be not disabled within the meaning of the Policy. On August 8, 2002 Cigna issued a final denial letter to the plaintiff with respect to his claim for long term disability benefits.

11.    The plaintiff has met his contractual obligations to provide sufficient documentation supporting his proof of disability.

12.    The defendant failed to consider evidence offered by plaintiff establishing total and permanent disability.

13.    Defendant's decision to deny plaintiff benefits due under the terms of the Policy was a breach of its contractual duty to provide benefits.

14.    As the direct and proximate result of the defendant's breach of contract, plaintiff has lost benefits in an amount not known in full by plaintiff, but upon belief and information, such loss approximates the amount of benefits due

2

under the terms of the Policy for each month since August, 2001 and the amount the plaintiff will continue to sustain each month until the benefits are paid in full. On information and belief, the amount of benefits due and owing to the plaintiff is approximately $30,000 per year, and should continue until plaintiff reaches age 65.

15. Defendant's decision to deny disability benefits to plaintiff was made in bad faith, was made without reviewing all medical and vocational information provided to it by the plaintiff, and was otherwise arbitrary and capricious.

WHEREFORE, Plaintiff requests relief against the defendant as follows:

1. An order for the defendant to pay to plaintiff all disability benefits accrued and unpaid to the date of this judgment as required by the Policy;

2. An order requiring the defendant to pay to plaintiff monthly benefits based on his disability as said should become due each month into the future;

3. That plaintiff be awarded attorneys' fees and cost of this action, and such other relief as the Court deems appropriate.

Respectfully submitted,
KENNETH BOWMAN,
By his attorney,

John S. Wessler, BBO#523140
375 Common Street
Lawrence, MA 01840
Tel. (978) 689-3806

3

( PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2004-1419-D

Kenneth Bowman......................................................., Plaintiff(s)

v.

Cigna Group Insurance............................., Defendant(s)

## SUMMONS

To the above named Defendant: Cigna Group Insurance
Routing 212, 12225 Greenville Ave., Dallas, TX, 75243-9384

You are hereby summoned and required to serve upon John S. Wessler, Esq.

plaintiff's attorney, whose address is 375 Common Street, Lawrence, MA 01840 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at
43 Appleton Way, Lawrence, MA 01840
either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the
day of August 4, 2004 , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*

Clerk

NOTES:
This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
defendant, each should be addressed to the particular defendant.

# Commonwealth of Massachusetts
## County of Essex
### The Superior Court

CIVIL DOCKET# ESCV2004-01419-D

RE:   **Bowman v Cigna Group Insurance**



TO: John S Wessler, Esquire
   Nathanson Wessler & Onerheim
   375 Common Street
   Lawrence, MA 01840

### TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 10/28/2004 |
| Response to the complaint filed (also see MRCP 12) | 12/27/2004 |
| All motions under MRCP 12, 19, and 20 filed | 12/27/2004 |
| All motions under MRCP 15 filed | 12/27/2004 |
| All discovery requests and depositions completed | 05/26/2005 |
| All motions under MRCP 56 served and heard | 06/25/2005 |
| Final pre-trial conference held and firm trial date set | 07/25/2005 |
| Case disposed | 09/23/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session D sitting in CtRm 2 (Lawrence) at Essex Superior Court.

Dated: 07/30/2004

Thomas H. Driscoll Jr.
Clerk of the Courts

BY: Edward D. Sullivan
Assistant Clerk

Location: CtRm 2 (Lawrence)
Telephone: (978) 687-7463

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tclc

cvdtracl_2.wpd 489550 trksat merclerm

| CIVIL ACTION COVER SHEET | Superior Court Department County: **Essex** |
|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Kenneth Bowman | Cigna Group Insurance |

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**

John S. Wessler, Esq.
375 Common Street, Lawrence, MA

Board of Bar Overseers number:

**Origin code and track designation**

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Insurance Disability Contract )F | ( ) Yes | ( x) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Subtotal $ . . . . . . . . . . .

C. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
D. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
E. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . .
F. Reasonably anticipated lost wages
G. Other documented items of damages (describe)    $ . . . . . . . . . . .

Brief description of plaintiff's injury, including nature and extent of injury (describe)

$ . . . . . . . . . . .
TOTAL $ . . . . . . . . . . .

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

This is a claim for disability benefits due plaintiff in the approximate amount of $30,000.00 per year.

TOTAL $ 90,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

DATE: 7-28-04

Signature of Attorney of Record

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

SUPERIOR COURT DEPARTMENT                    ESSEX DIVISION
                                             C.A. NO.:
                                             2004-1419-D

KENNETH BOWMAN,                    )
    PLAINTIFF                      )
                                   )
                                   )               COPY
    V.                             )
                                   )
CIGNA GROUP INSURANCE,             )
    DEFENDANT                      )

                              **COMPLAINT**

1.  Plaintiff Kenneth Bowman is 44 years old, an individual residing in Lynn, Massachusetts, and is seeking long term disability benefits under a group insurance policy administered by the defendant.

2.  Defendant, Cigna Group Insurance ("Cigna"), is a corporation located in Dallas, Texas, and is the administrator of the long term disability policy under which the plaintiff is claiming benefits.

3.  From 1997 until April, 2001 the Plaintiff was employed by Cardinal Health, Inc. in Peabody, Massachusetts. At the time he became disabled, plaintiff was employed as a warehouse worker.

4.  As an employee of Cardinal Health, Inc., Plaintiff became eligible for employee insurance benefits under Group Policy No. FLK-030030 (the "Policy").

5.  The Policy is administered by, and benefit determinations made by, Cigna.

1

6.   Under the terms of the Policy the defendant is contractually liable to the plaintiff for those benefits for which plaintiff is eligible under the Policy.

7.   On or about June 27, 2001 plaintiff applied for long term disability benefits under the Plan.  Cigna approved benefits under the Policy for the period of July 15, 2001 through August 14, 2001.

8.   On October 15, 2001 plaintiff attempted to return to work but was only able to work 1 ½ hours before becoming disabled as a result of back pain.

9.   Plaintiff has remained disabled and unable to work subsequent to his attempt to return to work on October 15, 2001.

10.  On October 22, 2001 and April 2, 2002 Cigna reevaluated plaintiff's disability claim and found him to be not disabled within the meaning of the Policy.  On August 8, 2002 Cigna issued a final denial letter to the plaintiff with respect to his claim for long term disability benefits.

11.  The plaintiff has met his contractual obligations to provide sufficient documentation supporting his proof of disability.

12.  Cigna failed to consider evidence offered by plaintiff establishing total and permanent disability.

13.  Cigna's decision to deny plaintiff benefits due under the terms of the Policy was a breach of its contractual duty to provide benefits.

14.  As the direct and proximate result of the defendant's breach of contract, plaintiff has lost benefits in an amount not known in full by plaintiff, but upon belief and information, such loss approximates the amount of benefits due

2

under the terms of the Policy for each month since August, 2001 and the amount the plaintiff will continue to sustain each month until the benefits are paid in full. On information and belief, the amount of benefits due and owing to the plaintiff is approximately $30,000 per year, and should continue until plaintiff reaches age 65.

15.  Cigna's decision to deny disability benefits to plaintiff was made in bad faith, was made without reviewing all medical and vocational information provided to it by the plaintiff, and was otherwise arbitrary and capricious.

WHEREFORE, Plaintiff requests relief against the defendant as follows:

1.  An order for the defendant to pay to plaintiff all disability benefits accrued and unpaid to the date of this judgment as required by the Policy;

2.  An order requiring the defendant to pay to plaintiff monthly benefits based on his disability as said should become due each month into the future;

3.  That plaintiff be awarded attorneys' fees and cost of this action, and such other relief as the Court deems appropriate.

Respectfully submitted,
KENNETH BOWMAN,
By his attorney,

_John S. Wessler_    7/20/04

John S. Wessler, BBO#523140
375 Common Street
Lawrence, MA 01840
Tel. (978) 689-3806

3

&JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
Kenneth Bowman

**DEFENDANTS**
Life Insurance Company of North America

(b) County of Residence of First Listed Plaintiff    Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c)  Attorney's (Firm Name, Address, and Telephone Number)
John S. Wessler
375 Common St.
Lawrence, MA 01840 (978-689-3806)

Attorneys (If Known)
John J. Aromando    (207-791-1100)
Pierce Atwood
One Monument Square, Portland, ME 04101

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☑ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury — Med. Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☒ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS – Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Claim for benefits under ERISA (29 U.S.C. Section 1001)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE    August 18, 2004

SIGNATURE OF ATTORNEY OF RECORD    John J. Aromando / mep
John J. Aromando

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Kenneth Bowman v. Life Insurance Company of North America__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

[✔] I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

[✔] II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121
                                                                            for patent, trademark or copyright cases

[ ] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

[ ] IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

[ ] V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES [ ]   NO [✔]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

YES [ ]   NO [✔]

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES [✔]   NO [✔]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES [✔]   NO [ ]

A. If yes, in which division do all of the non-governmental parties reside?

Eastern Division [✔]    Central Division [ ]    Western Division [ ]

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES [ ]   NO [✔]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __John J. Aromando__
ADDRESS __Pierce Atwood, One Monument Square, Portland, ME  04101__
TELEPHONE NO. __(207) 791-1100__

(Coversheetlocal.wpd - 10/17/02)