UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH BOWMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LIFE INSURANCE COMPANY )<br>OF NORTH AMERICA, )<br>)<br>Defendant. )<br>) | Civil Action No. 04-11808-NMG |

### DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Life Insurance Company of North America ("LINA" or Defendant") hereby answers Plaintiff's complaint, with the corresponding numbered paragraphs, as follows:

1. Defendant lacks knowledge sufficient to admit or deny the allegation that the plaintiff is an individual residing in Lynn, Massachusetts, but admits the remainder of the allegations in Paragraph 1.

2. Defendant admits that LINA is a corporation located in Philadelphia, Pennsylvania. Defendant also admits that it administers claims under the long term disability policy under which Plaintiff claims but denies that it is the Plan Administrator or any other type of administrator as to the Plan.

3. Defendant lacks knowledge sufficient to admit or deny the allegations in the first sentence of Paragraph 3. Defendant admits the allegations in the second sentence of Paragraph 3.

4. Defendant admits the allegations in Paragraph 4.

5. Defendant admits that the Policy is administered by LINA, through it agents and/or representatives, but denies that it includes CIGNA Group Insurance.

6. Defendant denies the allegations in Paragraph 6.

7. Defendant admits the allegations in Paragraph 7.

8. Defendant admits that the plaintiff attempted to return to work on October 15, 2001, but denies that the plaintiff became disabled as a result of back pain.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant admits that LINA -not CIGNA- reevaluated plaintiff's disability claim and found him to be not disabled within the meaning of the Policy. Defendant admits that LINA -not CIGNA- issued a final denial letter to the plaintiff with respect to his claim for long-term disability benefits.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

## AFFIRMATIVE DEFENSES

1. The Plaintiff is not disabled within the meaning of the policy or plan and this constitutes a complete defense to the claims contained in Plaintiff's Complaint.

2. Plaintiff's claims are barred in whole or in part by virtue of one or more of the provisions of the insurance policy or plan at issue.

3. Plaintiff's contract and bad faith claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., which precludes any related state law causes of action.

4. Plaintiff's remedies, if any, are limited to those provided under ERISA and his damages, if any, are subject to the restrictions, deductions and offsets contained in the applicable policy.

5. The Court's review of this matter is limited to the administrative record before the claims administrator or claims fiduciary at the time of the denial of Plaintiff's claim.

6. No payments are owed to the Plaintiff under the terms and conditions of the said policy or plan.

7. Plaintiff's eligibility for benefits is subject to the restrictions contained in the policy or plan.

8. This Court's adjudication of this matter is subject to the arbitrary and capricious standard of review.

9. Plaintiff's claim for benefits under the policy was properly denied by Life Insurance Company of North America.

10. Answering Defendants assert any and all defenses available to them under the terms of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq.

11. Life Insurance Company of North America's denial of benefits under all of the circumstances was reasonable and was not arbitrary, capricious, unreasonable or erroneous as a matter of law, and this constitutes a complete defense to the within cause of action.

12. Under all the circumstances, Plaintiff is owed no benefits under the policy or plan, or interest, costs and/or attorney's fees.

13. Any relief awarded to Plaintiff may be reduced or offset by benefits with which the subject policies integrates, if any, or should be otherwise reduced as required by law.

14. The allegations in the Complaint fail to state a cause of action pertaining to any claim for attorneys fees, interest and costs.

Life Insurance Company of North America

By its Attorney,

David B. Crevier, BBO # 557242
Crevier & Ryan LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
(413) 787-2400
Fax: (413) 781-8235
Email: Dcrevier@crevierandryan.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on counsel to all other parties to this action by first class U.S. mail, postage prepaid, this day of September 7, 2004.