UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KENNETH BOWMAN,                )
                              )
            Plaintiff,         )
                              )
v.                            )          Civil Action No. 04-11808-NMG
                              )
LIFE INSURANCE COMPANY        )
OF NORTH AMERICA,             )
                              )
            Defendant.        )
                              )

JOINT STATEMENT REGARDING PRETRIAL MATTERS

Pursuant to Local Rule 16.1, the Defendant Life Insurance Company of North

America ("LINA"), and the Plaintiff Kenneth Bowman ("Bowman") file this Joint

Statement Regarding Pretrial Matters.

1.    Proposed Discovery Plan and Schedule for Motions

      The parties propose the schedule set forth below for consideration by the Court.

      The parties do not wish to conduct phased discovery.

a.    Insofar as this matter involves the review of an administrative record whose

      content will be decided based on the methodology set forth herein, the parties are

      relieved of any mandatory disclosure requirements under Rule 26 of the Federal

      Rules of Civil Procedure and the Local Rules of the United States District Court

      for the District of Massachusetts, and as provided for in Fed. R. Civ. P.

      26(a)(1)(E)(i).

b.    Motions to join additional parties and to amend the pleadings must be filed by

      **February 7, 2005.**

c.   Insofar as this matter solely concerns the Court's review of a claim for benefits

under ERISA, which shall be limited to the Court's review of the administrative

record, the Court orders that the Defendant provide to Plaintiff on or before

**March 18, 2005,** a Proposed Record for Judicial Review ("Proposed Record") as

follows.  The Proposed Record shall consist of the following documents

unredacted, and arranged in an orderly fashion: 1) all non-privileged documents

contained in the Defendant's claim file concerning Plaintiff's claim; and 2) all

relevant plan documents in the possession of the Defendant.

d.   Upon receiving the Proposed Record, the Plaintiff shall review the documents

submitted as part of the Proposed Record and identify those documents containing

information that must be redacted or filed under seal pursuant to Rule 5.3 of This

Court's Rules (amendment effective May 6,2003).  Plaintiff shall bear sole

responsibility for identifying information that must be redacted or filed under seal

pursuant to Rule 5.3.   Plaintiff shall notify Defendant's counsel in writing by

**April 1, 2005,** providing a list of all information it seeks to redact, or file under

seal pursuant to  Local Rules 5.3.  If the Defendant objects to the proposed

redaction or filing under seal of any of the information proposed to be redacted or

sealed by Plaintiff, the parties shall confer in an attempt to resolve those issues.  If

the issues cannot be resolved, either party may file a motion with the Court

seeking a ruling on any such issues said motion to be filed on or before **April 22,**

**2005.**  Alternatively, either party may file a motion to seal the entire Record for

Judicial Review, on or before **April 22, 2005.**

e.   If after receiving the Proposed Record the Plaintiff claims that the Proposed Record is incomplete or inaccurate in any way, Plaintiff must notify the Defendant's counsel in writing of the same by **April 22, 2005**. If the Plaintiff does not provide such notice by **April 22, 2005**, then the Defendant shall file with the Court each of the documents previously served on Plaintiff entitled as "Agreed Upon and Complete Record for Judicial Review." If the Plaintiff does provide such notice, then the parties must then confer in an attempt to agree upon the contents of the Record for Judicial Review by **May 6, 2005**. If the parties come to an agreement, they are to immediately file an "Agreed Upon and Complete Record For Judicial Review." If the parties cannot agree on the Record For Judicial Review, then the Defendant shall file with the Court by **May 12, 2005**, a document entitled "Partial Record for Judicial Review" which contains only that portion of the record on which the parties agree. To the extent the parties disagree concerning the proper contents of the Record For Judicial Review, the parties shall file memoranda concerning any additional material they seek to have added to the Record For Judicial Review by **June 17, 2005**.

f.   If any party proposes that it is entitled to any discovery, to constitute or supplement the Record For Judicial Review, it must file with the Court a submission showing cause for the party's entitlement to such discovery. The Court expects a reasonable degree of particularity as to what discovery is sought and why reason exists to expect that the product of discovery would be properly received at trial and would be material to the disposition of this civil action. Any requests for discovery must be filed by **June 17, 2005**. Counsel to any party not

proposing discovery shall have two weeks from service of a request for discovery to file an opposition thereto.

g.  If any party proposes that it is entitled to an evidentiary hearing necessary to supplement the Record For Judicial Review, it must file with the Court a submission showing cause for its entitlement to such evidentiary hearing. The Court expects a reasonable degree of particularity as to what reason exists to expect that the product of the evidentiary hearing would be material to the disposition of this civil action. Any request for such evidentiary hearing must be filed by **June 17, 2005**. Counsel to any party not proposing the evidentiary hearing shall have two weeks from the service of a request for such a hearing to file an opposition thereto.

h.  Any party filing a Motion for Summary Judgment, shall do so on or before **August 26, 2005**.

i.  Any party filing an Opposition to a Motion for Summary Judgment shall do so on or before **September 16, 2005**.

j.  To the extent that the parties' Summary Judgment Motions do not decide all of the claims and defenses between the parties, the Court shall conduct a bench trial on the papers in accordance with the Federal Rule of Civil Procedure 52(a). In such a trial the Court will rely on the Record for Judicial Review and the parties' Summary Judgment Motions and memoranda of law then on file with the Court. See, Radford Trust v. First Unum Life Insurance Company, 321 F. Supp. 2d 226, 239-240 (D. Mass. 2004); Digregorio v. Pricewaterhouse Coopers Long Term Disability Plan, et. al., 2004 WL 1774566 (D. Mass. 2004).

Respectfully Submitted, Defendant          Plaintiff, Kenneth Bowman
Life Insurance Company of North America    By, His Attorney:
By:

CREVIER & RYAN, LLP.

Theodore Glockner, Esq.                    John Wessler, Esq.
BBO No. 629469                             BBO. No. 523140
CREVIER & RYAN, LLP.                       375 Common Street
1500 Main Street, Suite 2200               Lawrence, MA 01840
Springfield, MA 01115-5532                 Tel. No. (978) 689-3806
(413) 787-2400
E-mail: tglockner@crevierandryan.com

2A.    Certification Regarding Costs And Alternate Dispute Resolution

We hereby certify that we have conferred with a view to establishing a budget for

the costs of conducting the full course—and various alternative courses-- of the

litigation; and that we have considered the resolution of the litigation through the

use of alternative dispute resolution programs such as those outlined in Local

Rule 16.4.

Life Insurance Company of North America

By:
Its: *CORPORATE COUNSEL*


Counsel to Life Insurance Company of North America,


David B. Crevier
Theodore F. Glockner

2B.    Certification Regarding Costs And Alternate Dispute Resolution

We hereby certify that we have conferred with a view to establishing a budget for

the costs of conducting the full course—and various alternative courses-- of the litigation;

and that we have considered the resolution of the litigation through the use of alternative

dispute resolution programs such as those outlined in Local Rule 16.4.


Kenneth Bowman

Counsel to Kenneth Bowman


John Wessler, Esq.